SO ORDERED.

Dated: September 29, 2014

Eddward P. Ballinger Jr., Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

MINUTE ENTRY/ORDER

FOR MATTER TAKEN UNDER ADVISEMENT

| | |
|---|---|
| Bankruptcy Judge: | Eddward P. Ballinger, Jr. |
| Case Name: | Jesus-Manuel Burboa  -  Chapter 13 |
| Case Number: | 2:13-bk-18246-EPB |
| Subject of Matter: | Motion to Avoid Secured Lien of Arizona Federal Credit Union |
| Date Matter Taken Under Advisement: | August 1, 2014 |
| Date Matter Ruled Upon: | September 29, 2014 |

Before the Court is Debtor Jesus-Manuel Burboa's ("Debtor") Motion to Avoid Secured Lien of Arizona Federal Credit Union ("AFCU").

The facts are undisputed.  Wells Fargo Bank, N.A., holds a first priority lien on Debtor's home, which secures repayment of a loan in the principal amount of approximately $287,197.00. AFCU holds a valid and perfected second priority lien on the home securing a purported debt of

1

$172,006.00. Debtor contends the fair market value of the property is only $192,032.00. Because the amount of the first lien exceeds the home's value, Debtor asserts that the AFCU is wholly unsecured and, therefore, its lien should be deemed void pursuant to 11 U.S.C. sections 506(a) and 1322(b)(2).

Generally, Debtor would be correct. While lien stripping is not allowed in Chapter 7 cases, *Dewsnup v. Timm*, 502 U.S. 410, 417, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992),[1] it is allowed in Chapter 13 cases. *In re Zimmer*, 313 F.3d 1220, 1222-25 (9th Cir. 2002). In determining whether a lien can be stripped in a typical Chapter 13, courts first look to 11 U.S.C. section 506(a)[2] to determine whether the allowed claim of the creditor is secured or unsecured. If the creditor's claim is wholly unsecured, meaning there is no equity in the property securing the creditor's lien, 11 U.S.C. section 1322(b)(2)'s[3] anti-modification provision does not apply and the court may "strip off" (invalidate) the lien against the Debtor's residence. *Zimmer*, 313 F.3d at 1226-27. However, as AFCU points out, this is not a typical Chapter 13 case. A month prior to filing this Chapter 13, Debtor received a Chapter 7 discharge in Case No. 2:13-10443-GBN. A Chapter 7 followed by a Chapter 13 is colloquially referred to as a "Chapter 20." *See In re Metz*, 67 B.R. 462 (9th Cir. BAP 1986), *aff'd,* 820 F.2d 1495 (9th Cir. 1987).

Prior to enactment of the Bankruptcy Abuse and Consumer Prevention Act of 2005 ("BAPCPA"), a debtor who had previously received a Chapter 7 discharge could subsequently receive a Chapter 13 discharge. *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S.Ct. 2150,

---

[1] This is true whether the lien is partially or wholly unsecured. *See In re Laskin*, 222 B.R. 872, 876 (9th Cir. BAP 1998).

[2] Section 506(a)(1) provides that "[a]n allowed claim of a secured creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim."

[3] Section 1322(b)(2) provides that "a plan may – . . . (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."

2

115 L.Ed.2d 66 (1991). That changed with the enactment of section 1328(f)(1), which provides that a debtor who "has received a discharge . . . in a case filed under chapter 7 . . . during the 4-year period preceding the date of the order for relief under this chapter," is ineligible for a discharge. Courts are split as to whether section 1328(f)(1), in addition to barring a discharge, also precludes stripping off valueless liens by Chapter 20 debtors.[4]

There are currently only two circuit court cases addressing this issue, neither from the Ninth Circuit, but both of which have concluded that lien stripping is permitted in a Chapter 20 proceeding if the case was filed in good faith and the lien strip is conditioned on plan completion. *See Wells Fargo Bank, N.A. v. Scantling (In re Scantling)*, 754 F.3d 1323 (11th Cir. 2014); *Branigan v. Davis (In re Davis)*, 716 F.3d 331 (4th Cir. 2013). *See also* footnote 4, *supra*. Both courts concluded that Congress did not intend to change the Chapter 13 lien stripping practice and, accordingly, section 1328(f)(1) has no application in lien stripping proceedings. Their view is that BAPCPA did not alter sections 506(a) and 1322(b)(2) - the statutory predicates allowing lien stripping in Chapter 13 cases. Both circuit courts note that because a discharge

---

[4] *Compare In re Jennings*, 454 B.R. 252, 256 n.7 (Bankr. N.D. Ga. 2011)(allowing lien stripping); *In re Tran*, 431 B.R. 230 (Bankr. N.D. Cal. 2010) (allowing lien stripping); *Grandstaff v. Casey (In re Casey)*, 428 B.R. 519 (Bankr. S.D. Cal. 2010)(allowing lien stripping); *Hart v. San Diego Credit Union*, 449 B.R. 783 (Bankr. S.D. Cal. 2010)(allowing lien stripping); *In re Frazier*, 448 B.R. 803 (Bankr. E.D. Cal. 2011), *aff'd*, 469 B.R. 889 (E.D. Cal. 2012)(allowing lien stripping); *In re Grignon*, 2010 WL 5067440 (Bankr. D. Or. Dec. 7, 2010)(allowing lien stripping); *In re Hill*, 440 B.R. 176 (Bankr. S.D. Cal. 2010)(allowing lien stripping); *In re Fair*, 450 B.R. 853 (Bankr. E.D. Wis. 2011)(allowing lien stripping); *In re Waterman*, 469 B.R. 334 (D. Colo. 2012), *aff'd*, 469 B.R. 334 (D. Colo. 2012)(allowing lien stripping); *In re Okosisi*, 451 B.R. 90 (Bankr. D. Nev. 2011)(allowing lien stripping); *Fisette v. Zeller (In re Fisette)*, 455 B.R. 177 (8th Cir. BAP 2011)(allowing lien stripping); *In re Dang*, 467 B.R. 227 (Bankr. M.D. Fla. 2012)(allowing lien stripping), *with In re Fenn*, 428 B.R. 494 (Bankr. N.D. Ill. 2010) (not allowing lien stripping); *In re Jarvis*, 390 B.R. 600 (Bankr. C.D. Ill. 2008)(not allowing lien stripping); *In re Winitzky*, 2009 WL 9139891(Bankr. C.D. Cal. May 7, 2009)(not allowing lien stripping); *Lindskog v. M & I Bank FSB (In re Lindskog)*, 451 B.R. 863 (Bankr. E.D. Wisc. 2011), *aff'd*, 480 B.R. 916 (E.D. Wisc. 2012)(not allowing lien stripping); *Bank of the Prairie v. Picht (In re Picht)*, 428 B.R. 885 (10th Cir. BAP 2010)(not allowing lien stripping); *In re Collins*, 2010 WL 5173840 (Bankr. D. Or. Dec. 15, 2010)(not allowing lien stripping); *Erdmann v. Charter One Bank (In re Erdmann)*, 446 B.R. 861 (Bankr. N.D. Ill. 2011)(not allowing lien stripping); *In re Trujillo*, 2010 WL 4669095 (Bankr. M.D. Fla. Nov. 10, 2010), *aff'd*, 2012 WL 8883694 (Aug. 10, 2012)(not allowing lien stripping); *In re Jazo*, 2010 WL 3947303 (Bankr. S.D. Cal. Sept. 28, 2010)(not allowing lien stripping); *In re Victorio*, 454 B.R. 759 (Bankr. S.D. Cal. 2011), *aff'd*, 470 B.R. 545 (S.D. Cal. 2012)(not allowing lien stripping); *In re Lilly*, 378 B.R. 232 (Bankr. C.D. Ill. 2007)(not allowing lien stripping).

only abrogates a creditor's rights against the debtor *in personam,* the debtor has no need for a Chapter 13 discharge, which would not impact the lienholder's *in rem* rights in any event. *Id*. at 337 (citing *Johnson*, 501 U.S. at 84, 111 S.Ct. at 2154). The fact that a discharge is not available to a Chapter 20 debtor is immaterial. Completion of the plan is sufficient to permit voiding the lien.

A number of lower courts have found to the contrary, concluding that lien stripping is contingent on discharge. *See* footnote 4, *supra*. This Court agrees with this line of reasoning and finds the decisions of both the bankruptcy court and district court in *In re Victorio*, 454 B.R. 759 (Bankr. S.D. Cal. 2011), *aff'd, Victorio v. Billingslea*, 470 B.R. 545 (S.D. Cal. 2012), particularly persuasive for several reasons.

First, a Chapter 13 case "concludes in one of three ways: discharge pursuant to § 1328, conversion to a Chapter 7 pursuant to § 1307(c) or dismissal . . . 'for cause' under § 1307(c)." *In re Leavitt*, 171 F.3d 1219, 1223 (9th Cir. 1999). If a case is converted or dismissed, any liens that were avoided as wholly unsecured are automatically reinstated unless the debtor pays the underlying debt in full. *See* 11 U.S.C. §§ 348(f)(1)(C)(i) and 349(b)(1)(C). As such, discharge is the only mechanism by which a lien strip becomes permanent in a Chapter 13 case, other than payment of the debt in full. A lien strip in a Chapter 20, therefore, is illusory because there is no discharge in a Chapter 20, meaning the strip off never becomes final.[5]

> A no-discharge Chapter 13 case may certainly be utilized to obtain the protections of the automatic stay for the purpose of proposing a plan to make payments on debts. A no-discharge Chapter 13 case may not, however, result in a permanent modification of a creditor's rights where such modification has traditionally only

---

[5] Some of these cases disallowing lien stripping in a Chapter 20 actually allow the lien strip but conclude it has no post-bankruptcy effect because there is no discharge allowed. The modifications are only effective for the term of the plan. *See, e.g., In re Casey*, 428 B.R. 519 (Bankr. S.D. Cal. 2010)*; In re Fenn,* 428 B.R. 494, 500 (Bankr. N.D. Ill. 2010); *In re Lilly,* 378 B.R. 232, 236–37 (Bankr. C.D. Ill. 2007); *In re Trujillo,* 2010 WL 4669095 (Bankr. M.D. Fla. Nov. 10, 2010), *aff'd*, 2012 WL 8883694 (M.D. Fla. Aug. 10, 2012); *In re Jazo,* 2010 WL 3947303 (Bankr. S.D. Cal. Sept. 28, 2010)(unpublished).

4

been achieved through a discharge and where such modification is not binding if a case is dismissed or converted. This Court can find no evidence that, by adding new § 1328(f), Congress intended to expand debtors' remedies in the way that the Debtor in this case proposes.

*Jarvis,* 390 B.R. at 605–06. Simply because BAPCPA did not change sections 506(a) and 1322(b)(2), does not mean its addition of section 1328(f)(1) can simply be ignored or deemed inapplicable.

Further, while the courts allowing a lien strip in the absence of a discharge argue there is a fourth option -- administratively closing the Chapter 13 -- that essentially permits an end run around the Supreme Court's holding in *Dewsnup v. Timm*, 502 U.S. 410, 112 S. Ct. 773, 116 L.Ed.2d 903 (1992), prohibiting lien strips in Chapter 7 cases. A debtor who files a Chapter 7 because his unsecured debts exceed the statutory limit for filing a Chapter 13, may receive a discharge of his general unsecured debts. Allowing the lien strip in the subsequent Chapter 13 that debtor now qualifies for based on the reduction in his unsecured debt grants debtor a *de facto* discharge.

This conclusion is further supported by BAPCPA's addition of 11 U.S.C. section 1325(a)(5), which governs a typical Chapter 13 plan attempting to strip a lien:

(a) Except as provided in subsection (b), the court shall confirm a plan if –

\*         \*         \*

(5) with respect to each allowed secured claim provided for by the plan –

\*         \*         \*

(B)(i) the plan provides that –

(I) the holder of such claim retain the lien securing such claim until the earlier of –

(aa) the payment of the underlying debt determined under non bankruptcy law; or

5

(bb) discharge under section 1328.

Similarly, amended section 348(f)(1) added subsection (C)(i), requiring any lien in place on the date of the petition to remain in place upon conversion (unless paid in full) despite any valuation or determination of an allowed secured claim:

> [T]he claim of any creditor holding security as of the date of the petition shall continue to be secured by that security unless the full amount of such claim determined under applicable nonbankruptcy law has been paid in full as of the date of conversion, notwithstanding any valuation or determination of the amount of an allowed secured claim made for the purposes of the case under chapter 13.

The same is true if the case is dismissed under section 349(b):

> (b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title --
>
> (1) reinstates –
>
> *     *     *
>
> (C) any lien voided under section 506(d) of this title.

Prohibiting Chapter 20 lien stripping is also consistent with the Congressional intent of BAPCPA, which was intended "to correct perceived abuses of the bankruptcy system." *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 231-32, 130 S. Ct. 1324, 1329, 176 L. Ed. 2d 79 (2010). In fact, an overarching goal was to steer debtors toward reorganization to "ensure that [debtors] repay creditors the maximum they can afford." *Ransom v. F.I.A. Card Servs.,* 526 U.S. 61, 131 S. Ct. 716, 725,178 L. Ed. 2d 603 (2011). As the Fourth Circuit noted, "BAPCPA provides additional protection for secured creditors. For example, creditors retain allowed secured claims until either payment of the underlying debt pursuant to nonbankruptcy law or discharge. Moreover, if a Chapter 13 case is dismissed or converted without completion of the bankruptcy plan, the holder of an allowed secured claim retains the lien to the extent recognized by applicable nonbankruptcy law." *Davis*, 716. F.3d at 333 (citing 11 U.S.C. §

6

1325(a)(5)(B)).  To allow a creditor in a subsequent Chapter 13 to do what it could not do in its earlier completed Chapter 7 runs contrary to this policy.

For these reasons,

IT IS HEREBY ORDERED denying Debtor's Motion to Avoid Secured Lien.  Counsel for Arizona Federal Credit Union shall lodge a form of order consistent with this decision.